
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-35968 |
| Plaintiff - Appellee, | D.C. Nos.   3:08-cv-70029-HA |
| v. | 3:05-cr-00217-HA |
| JOSHUA KISTLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted November 3, 2010[**]
Portland, Oregon

Before: ALDISERT, W. FLETCHER and FISHER, Circuit Judges.[***]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Joshua Kistler appeals from the district court's denial of his motion to vacate, set aside and correct sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. We affirm.

Kistler contends he received ineffective assistance of counsel because trial counsel did not make adequate efforts to obtain the documents underlying the victim's claim that Kistler's conduct caused her psychological injuries. But trial counsel did make such efforts, by sending letters demanding that she be able to review the relevant documents and by voicing concerns that the victim's psychological injuries were unrelated to Kistler's conduct. Trial counsel could have reasonably concluded that her concerns regarding the victim's claimed psychological harms were noted in the presentence report and would be resolved at a later restitution hearing. Thus Kistler has not demonstrated that trial counsel's performance fell short of prevailing professional norms or was unreasonable under the circumstances. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Kistler also argues that counsel's allegedly deficient performance caused prejudice at sentencing. He contends that because mandatory restitution was not imposed, the statements offered by the victim's mother at sentencing must have been untrue. Kistler argues that competent counsel would have obtained and presented documentation undermining these statements, thereby preventing the

2

district court from taking them into account at sentencing. But the district court was made aware, through the PSR, that the connection between Kistler's conduct and the victim's claimed psychological injuries was not fully documented. Thus the district court was able to give appropriate weight to the presentations made at sentencing. Moreover, in the district court's order denying defendant's motion for relief under 28 U.S.C. § 2255, the court accurately described and evaluated the sentencing proceeding and confirmed that the sentence was based on the offense conduct, not the presentations made at sentencing. Thus Kistler has not established "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Because Kistler has neither demonstrated that trial counsel's performance was deficient nor that the alleged deficiency caused prejudice at sentencing, we reject his ineffective assistance of counsel claim. Accordingly, we affirm the district court's denial of relief under 28 U.S.C. § 2255.

**AFFIRMED.**

3